### DICKERSON et al. v. MASHEK ENGINEERING CO.

(Supreme Court, Appellate Term. April 17, 1912.)

1. ATTORNEY AND CLIENT (§ 153*)—COMPENSATION—RIGHT TO.

On September 9th a firm of attorneys wrote a client, whom they were representing in an interference proceeding before the Patent Office, insisting on payment for past services and security for future services, and stating that the printed testimony should be filed in the Patent Office not less than 10 days before October 19th. No steps towards filing such testimony were taken until October 4th, when the client called at their offices and, by promises of payment, persuaded them to go on with the case. The client, however, was already in default, since the rules of the Patent Office required the filing of the testimony 20 days, instead of 10 days, before the final hearing. Held, that the client's default was due to the attorneys' own error in stating the date when the testimony should be filed, and hence that they could not recover for their services in attempting to open such default and in submitting the case without such testimony, especially where, by reason of the absence of such testimony, the case was determined against the client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 299, 300; Dec. Dig. § 153.*]

2. ATTORNEY AND CLIENT (§ 166*)—ACTIONS FOR SERVICES—EVIDENCE.

In an attorneys' action for compensation for services rendered in attempting to open a default, evidence held to show that such default was caused by their own error in misleading the client as to the date when

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

certain testimony was required to be filed, and not to the client's financial ability to have such testimony printed.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 368-372;. Dec. Dig. § 166.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Edward N. Dickerson and others, composing the law firm of Dickerson, Brown, Raegener & Matty, against the Mashek Engineering Company. From a judgment for plaintiffs for $489.55, and dismissing the counterclaim, after a trial by the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

L. B. Hasbrouck, of New York City (Selden Bacon, of counsel), for appellant.

Frank Trenholm, of New York City, for respondents.

BIJUR, J.   Plaintiffs were acting as attorneys at law for defendant in certain patent litigation in the Patent Office, known as "interference proceedings." The present suit is to recover for services rendered (except as to $35) in and about opening defendant's default, and making a final argument in the proceeding. Defendant disputes the liability for such services, on the ground that they were rendered necessary solely by reason of plaintiffs' neglect. The counterclaim is for fees paid by defendant to new attorneys for services in obtaining relief from the consequences of plaintiffs' neglect.

[1] In August, 1910, the defendant had become liable to plaintiffs on notes for $1,300 given for past services, having already paid them over $3,000 in cash, and plaintiffs were pressing for payment of the notes. In the interference proceeding, defendant's testimony had been put into the form of printer's proofs delivered to the plaintiffs for correction. On September 6th, plaintiffs brought suit against the defendant on the notes for $1,300. On September 9th, plaintiffs wrote defendant, insisting on the payment of the notes and the giving of security for future services, and saying that the printed testimony must be "filed in the Patent Office not less than 10 days before October 19, 1910." On October 4th, defendant called at plaintiffs' office, and by promises of payment persuaded plaintiffs to agree to go on with the case. At that time, also, the proofs were still uncorrected in plaintiffs' office; but defendant was already in default, because, as a matter of fact, the rules of the Patent Office required the printed testimony to be filed not less than *twenty* days before the date of the final hearing, instead of *ten* days, as stated by plaintiffs in their letter. Plaintiffs forthwith made various motions to open the default, for extensions of time in which to file the testimony, and for leave to have the case submitted on the typewritten copy of the testimony, all of which motions were denied. They eventually wrote and presented their final brief in the proceeding, without having defendant's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testimony before the Patent Office. The final proceeding was determined adversely to the defendant.

On this state of facts, as detailed in the evidence, it is plain that the defense to plaintiffs' claim is good; that defendant was misled by plaintiffs' error as to the date when the printed testimony was required to be filed in the Patent Office; and that plaintiffs' services, so far as they relate to opening this default, cannot, in the eye of the law, be regarded as rendered at defendant's request, but, on the contrary, were properly rendered by plaintiffs to avoid the consequences of their own error; and, so far as they consist in submitting the case without the testimony, they were valueless by reason of the same error.

[2] In reply to the defense of plaintiffs' negligence, plaintiffs claim that the error in their letter was not the cause of the default in the Patent Office, but that the real cause was that the defendant was so financially embarrassed that it could not pay for the printing of the record. To support this claim, they offer extracts from the affidavits of defendant's president, submitted on the several motions to open the default. Defendant's president, however, testifies, without contradiction, that these affidavits were suggested, framed, and submitted by plaintiffs themselves, and that, so far as they allege defendant's inability to pay for the record as a cause of the default, that entire idea was suggested by plaintiffs, and that the witness was induced to verify the affidavit only by the argument that, since he could not pay the plaintiffs' fees, which they said should have precedence, he might well state that he could not pay the printer's bill at that time. This reasonable explanation of the witness, to my mind, disposed substantially of the value of his affidavit to plaintiffs as an admission. But, even taken at its face value, the admission falls far short of a statement that the default was due to defendant, and not to plaintiffs. The question is, not whether defendant was or was not able to pay the printer (only some $130) at that time, but whether it was able to procure the printed testimony. It does not follow, from inability to make a cash payment, that the printer, if the facts had been laid before him (having already set the entire testimony up in type), would have declined to print it without such cash payment. All the circumstances of the case, as disclosed in the record, indicate the very contrary to my mind as the probable state of affairs.

Any reference to this vital phase of the controversy was carefully avoided by plaintiffs in the affidavits which they prepared to be signed by defendant's president. And, indeed, it is significant to find in these affidavits the statement that defendant did not think it was honorable to permit the printer to finish the printing when its officers knew that they could not at that time pay the printer therefor. The disingenuousness of the excuse was recognized by the Patent Office, which declined to open the default at that time, but promptly granted relief when defendant's new attorney presented the actual state of facts.

Plaintiffs have failed to sustain the burden of proof that their services sued for were rendered at the request of the defendant and were worth the amount claimed. They have not negatived the pal-

pable inference that their services were the result of their own default, by any demonstration, sufficiently distinct to be cognizable, that the defendant would even probably not have been able to procure the record to be printed on time. See Rothmiller v. Stein, 143 N. Y. 581, 38 N. E. 718, 26 L. R. A. 148; Colorado Coal Co. v. U. S., 123 U. S. 307, 8 Sup. Ct. 131, 31 L. Ed. 182. Indeed, as the record stands, I think that the dismissal of defendant's counterclaim was equally erroneous with the granting of plaintiffs' prayer for judgment.

There are one or two exceptions taken by plaintiffs to the admission or exclusion, respectively, of testimony. The matters involved are of so small importance as not in any wise to affect the result. The parties are to be commended for the liberal spirit in which the case was tried, resulting, as I think, without injury to either party, in the presentation of all the facts to the court.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GUY, J., concurs. SEABURY, J., concurs in result.

